UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEGAL REAL ESTATE, LLC,
a Michigan Limited Liability Company; and
MADILYN T. GREINER, individually and          Case No. 24-cv-10278
on behalf of a class of all others similarly       Hon. David M. Lawson
situated in Macomb County, Michigan,           Mag. Judge David R. Grand

      Plaintiffs,

    -vs-

MACOMB COUNTY,

      Defendant.

_____/

**DEFENDANT MACOMB COUNTY'S MOTION TO DISMISS**
**(In Lieu of Responsive Pleadings to Plaintiff's Amended Complaint)**

In accordance with Fed R Civ P 12(b)(6), Defendant Macomb County hereby

moves, through counsel, for an order dismissing Plaintiff's Amended Complaint and

its claims against the County in its entirety.  In support of this position, Defendant

offers the following:

1.     On February 1, 2024, Plaintiff initiated this civil action by filing his

Complaint with the United States District Court for the Eastern District of Michigan.

ECF No. 1, PageID.1-15.

2.     Plaintiff's initial Complaint reflected a class action allegation, a takings

without just compensation arising under the 5th Amendment to the Constitution of

the United States and an inverse condemnation claim under state law.

3.      On March 24, 2024, Plaintiff filed an Amended Complaint to correct the inaccuracies stated within the first Complaint.  This Complaint removed all class allegations and allegations stating there were "surplus" proceeds.  There remaining allegations are the 5th Amendment takings claim and inverse condemnation claim under state law.  ECF No. 12, PageID.60-72.

4.      Plaintiff's 5th Amendment allegation is barred by the three (3) year statute of limitations.

5.      Plaintiff's remaining state law takings claim is one "for the Michigan courts to decide".

6.      Pursuant to E.D. Mich. L.R. 7.1(a), on March 28, 2024, the undersigned sought Plaintiff's concurrence in the relief sought herein; Plaintiff declined to concur.

In accordance with the facts presented and the authorities cited above, Defendant Macomb County respectfully requests the court grant its motion to dismiss Plaintiff's claims against the County in their entirety, with prejudice as to Count 1 and without prejudice as to Count 2.

<div style="margin-left:50%">

Respectfully submitted,
/s/ Molly Zappitell_____
Molly Zappitell (P56996)
Macomb County Corporation Counsel
Attorney for Defendant County
molly.zappitell@macombgov.org

</div>

DATED:  April 4, 2024

## Table of Contents

INDEX OF AUTHORITIES.................................................................................. ii

SATEMENT OF ISSUE PRESENTED ...............................................................iv

MOST CONTROLLING AUTHORITY...............................................................v

Introduction.....................................................................................................1

Authorities and Argument.................................................................................1

      A.     FRCP 12(b)(6) Predicate.........................................................1

      B.     Fifth Amendment Takings Claim Under § 1983 ..................................2

      C.     *Hall* Also Requires Dismissal of Plaintiff's Inverse Condemnation
           Claim ...............................................................................................4

Conclusion   .....................................................................................................5

# INDEX OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Austin v City of Grand Rapids*, 685 F Supp 1296 (D Mich 1988) ...........................2

*Banks v City of Whitehall*, 344 F.3d 550 (6th Cir 2003) ......................................2, 3

*Carnegie-Mellon Univ. v Cohill*, 484 U.S. 343 (1988) ..............................................4

*Collyer v Darling*, 98 F.3d 211 (6th Cir 1996)............................................................3

*Conley v Gibson*, 355 US 41 (1957) ...........................................................................2

*Flummerfelt v City of Taylor*,
    2023 U.S. Dist. Lexis 126963, 2023 WL 4704878 ..............................................v, 4

*Garza v Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir 2020) .........................................3

*German v Killeen*, 495 F Supp 822 (D Mich 1980) ...................................................2

*Hall v Meisner*, 51 F.4th 185 (6th Cir 2022) ............................................... iv, v, 3, 4

*Hathon v State of Michigan*, 165219 (MI Sup Ct)......................................................4

*In Re DeLorean Motor Co*, 991 F2d 1236 (6th Cir 1993)..........................................2

*Meador v Cabinet for Human Resources*,
    902 F2d 474 (6th Cir) *cert denied*, 489 US 867 (1990).........................................2

*Michigan Hospital Association v Department of Social Services*,
    738 F Supp 1080 (D Mich 1990)............................................................................2

*Rafaeli, LLC v Oakland Cty.*, 505 Mich 429 (2020) .................................................4

*Santana v Cnty. of Wayne*,
    2023 U.S. Dist. Lexis 154454, 2023 WL 5655511 ......................................v, 3, 4

*Schafer v Kent County*, No. 164975 (MI Sup Ct)......................................................4

*Wolfe v Perry*, 412 F.3d 707 (6th Cir 2005).........................................................2, 3

**Federal Statutes**

Fed R Civ P 12(b)(6).............................................................................................1, 2

**Statutes**

MCL 211.1 ..............................................................................................................iv, 1

## STATEMENT OF ISSUE PRESENTED

Whether Plaintiff's claims fail as a matter of law because: (1) the federal takings claims (Count I) are barred by the statute of limitations; (2) the state inverse condemnation claim (Count II), should be dismissed as confirmed by the Sixth Circuit Court of Appeals' recently published decision in *Hall v Meisner*?

Defendant Answers:          Yes.

Plaintiff would Answer:          No.

This Court should Answer:          Yes.

## <u>MOST CONTROLLING AUTHORITY</u>

Defendant relies generally on the Michigan General Property Tax Act, MCL 211.1, *et seq.*; *Hall v Meisner*, 51 F.4th 185 (6th Cir 2022); *Santana v Cnty. of Wayne*, 2023 U.S. Dist. Lexis 154454, 2023 WL 5655511; *Flummerfelt v City of Taylor*, 2023 U.S. Dist. Lexis 126963, 2023 WL 4704878; and the additional authorities cited in their brief.

## BRIEF IN SUPPORT OF MOTION TO DISMISS

**<u>Introduction</u>**

After Plaintiff Legal Real Estate failed to pay their property taxes, the Office of the Macomb County Treasurer foreclosed on their property in compliance with the Michigan General Property Tax Act ("GPTA"), MCL 211.1, *et seq*. Plaintiff alleges in paragraph twenty-two of the Complaint that its interest in the subject property was divested by Defendant in calendar year 2018. ECF No. 12, PageID.64. Count I of the First Amended Complaint, (hereinafter Complaint), alleges a takings and due process violations of federal law, the Fifth and Fourteenth Amendments. ECF No. 12, PageID.65-70. Count II alleges inverse condemnation under state law. ECF No. 12, PageID.70-71.

Plaintiff's claims fail as a matter of law as the federal claim for monetary damages is barred by the applicable statute of limitations and the state claim should fail under binding authority stating that federal courts should abstain from adjudicating the remaining state claim.

This Honorable Court should grant this Motion and dismiss Plaintiff's federal claims with prejudice and state claims without prejudice.

## Authorities and Argument

### A.      FRCP 12(b)(6) Predicate

Any pleading which sets forth a claim for relief may be challenged by a FRCP

1

12(b)(6) motion.  Such a motion tests the legal sufficiency of the pleading.  *German v Killeen*, 495 F Supp 822 (D Mich 1980).  Consequently, the court must limit its inquiry to the pleading alone.  *Michigan Hospital Association v Department of Social Services*, 738 F Supp 1080 (D Mich 1990).

FRCP 12(b)(6) provides a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  In assessing such a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff can prove any conceivable set of facts entitling him or her to relief.  *In Re DeLorean Motor Co*, 991 F2d 1236 (6th Cir 1993) (citing *Meador v Cabinet for Human Resources*, 902 F2d 474 (6th Cir) *cert denied*, 489 US 867 (1990)); *Austin v City of Grand Rapids*, 685 F Supp 1296 (D Mich 1988); see also, *Conley v Gibson*, 355 US 41 (1957).

### B.    Fifth Amendment Takings Claim Under § 1983

The federal takings claim (Count I) are barred by the three-year statute of limitations for claims under 42 U.S.C § 1983.  "Because Congress did not specifically adopt a statute of limitations governing § 1983 actions, federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought."  *Wolfe v Perry*, 412 F.3d 707, 713-14 (6th Cir 2005) (quoting *Banks v City of Whitehall*, 344 F.3d 550, 553 (6th Cir 2003)).  In Michigan, "the appropriate statute of limitations to be borrowed for §

2

1983 actions . . . is the state's three-year limitations period for personal injury claims." *Id.*, *Garza v Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir 2020) (noting that "§ 1983 claims brought in Michigan are subject to its three-year statute of limitations"). And the Sixth Circuit has consistently held that the limitations period for a § 1983 claim begins to run "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." See *Garza*, 972 F.3d at 867 n.8 (quoting *Collyer v Darling*, 98 F.3d 211, 220 (6th Cir 1996)). This three-year statute of limitations has been applied to challenges to Michigan's tax foreclosure process. See, *Santana v Cnty. Of Wayne*, Docket No. 22-12376 (E.D. MI, August 31, 2023). Copy attached as Exhibit A.

In *Hall v Meisner*, 51 F.4th 185, 196 (6th Cir 2023), the Sixth Circuit held that federal takings claims begins to accrue when the County takes absolute title to property. Furthermore, the Court made it clear that any takings occurs (and, consequently, the limitations period begins to run) at the time of the foreclosure judgment.

Plaintiff concedes that the foreclosure took place in 2018. ECF No. 12, PageID.64. Thus, the time to bring any federal takings claim expired in 2021. Plaintiff filed this Complaint three years after the statute of limitations ran on the federal claims. Therefore, Count 1 should be dismissed.

3

**C.**     ***Hall* Also Requires Dismissal of Plaintiff's Inverse Condemnation Claim**

In *Hall v Meisner*, *supra*, the Sixth Circuit directed the district court to abstain from adjudicating an inverse condemnation claim under state law, citing *Pullman*, because "[w]hether the facts alleged here violate the Michigan Constitution's Takings Clause is an issue for the Michigan courts to decide."  51 F.4th 185, 196 (6th Cir. 2022).  See, *e.g.*, *Flummerfelt v City of Taylor*, No. 22-10067, 2023 U.S. Dist. LEXIS 126963, at *11-12 (E.D. MI July 21, 2023).  Attached as Exhibit B.

Additionally, in *Santana* the Court did not rely on the *Pullman* abstention, instead the court utilized its discretion and declined to exercise supplemental jurisdiction and dismissed the remaining state claim.  *Slip op*, p 7.  When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.  *Carnegie-Mellon Univ. v Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

Here, after analysis of Count I, it is expected that the only surviving claim will be Count II, the state inverse condemnation claim.  Since the decision in *Rafaeli, LLC v Oakland Cty.*, 505 Mich 429 (2020), there have been many state cases filed and on March 15, 2024, the Michigan Supreme Court heard arguments on several different issues which will ultimately affect the validity of Count II.  *Schafer v Kent County*, No. 164975 (MI Sup Ct); *Hathon v State of Michigan*, 165219 (MI Sup Ct).

<center>4</center>

Based upon the "influx" of Michigan law this claim is better suited to be heard in state court.

Macomb County is requesting that this Honorable Court utilize its discretion based on the arguments stated and dismiss Count II without prejudice.

**Conclusion**

In accordance with the facts presented, the authorities cited, and the arguments advanced above, Defendant Macomb County respectfully requests the court grant its motion to dismiss Plaintiff's claims against the County in their entirety, with prejudice as to Count I and without prejudice as to Count II.

Respectfully submitted,

/s/ Molly Zappitell
Molly Zappitell (P56996)
Macomb County Corporation Counsel
Attorney for Defendant County
DATED:  April 4, 2024        molly.zappitell@macombgov.org

I hereby certify that on April 4, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system which will forward notification of such filing to the following:  all counsel of record; I further certify that I have caused the paper to be sent by United States Postal Service mail to the following non ECF participant: none.

/s/ Molly Zappitell
Molly Zappitell (P56996)